# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **OBERER LAND DEVELOPERS, LTD.** <br> 2800 East River Road <br> Dayton, Ohio 45439, <br><br> and <br><br> **SIEBENTHALER COMPANY** <br> 3001 Catalpa Drive <br> Dayton, Ohio 45405, <br><br> and <br><br> **JOHN E. SHAWHAN & THOMAS J. SHAWHAN, TRUSTEES** <br> 3490 Selma Jamestown Road <br> South Charleston, Ohio 45368, <br><br> and <br><br> **NGT DEVELOPERS, LTD.** <br> 2800 East River Road <br> Dayton, Ohio 45439, <br><br> Plaintiffs, <br><br> vs. <br><br> **BEAVERCREEK TOWNSHIP, OHIO** <br> 1981 Dayton Xenia Road <br> Beavercreek, Ohio 45434, <br><br> and <br><br> **THE BEAVERCREEK TOWNSHIP TRUSTEES** <br> 1981 Dayton Xenia Road <br> Beavercreek, Ohio 45434, <br><br> Defendants. | CASE NO.: 3:05 CV 0333 <br><br> JUDGE WALTER H. RICE <br><br><br> **FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES** <br><br><br><br><br><br><br><br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs, Oberer Land Developers, Ltd., ("Oberer"), Siebenthaler Company, ("Siebenthaler"), John E. Shawhan and Thomas J. Shawhan, Trustees, ("Shawhan"), (Oberer, Siebenthaler, and Shawhan to be collectively referred to as "Nathaniel's Grove Plaintiffs"), and NGT Developers, Ltd., ("NGT"), (the Nathaniel's Grove Plaintiffs and NGT to be collectively referred to as "Plaintiffs") for their first amended complaint against Defendants Beavercreek Township and the Beavercreek Township Trustees (jointly the "Township"), state and aver as follows:

## Parties, Jurisdiction, and Venue

1. Oberer is an Ohio limited liability company specializing in residential development of real property that has its principal place of business located in Dayton, Ohio.

2. Siebenthaler is an Ohio corporation that has its principal place of business in Dayton, Ohio.

3. Shawhan resides in South Charleston, Ohio.

4 NGT is an Ohio limited liability company specializing in residential development of real property that has its principal place of business located in Dayton, Ohio.

5. Beavercreek Township is an Ohio political subdivision under Title V of the Ohio Revised Code and is located in Greene County, Ohio. Beavercreek Township has not adopted a limited form of home rule government under Chapter 504 of the Ohio Revised Code.

6. The Beavercreek Township Trustees are the duly elected legislative officials for Beavercreek Township.

7. Plaintiffs seek declaratory judgment, injunctive relief, monetary damages, and attorneys' fees against the Township under the following constitutional and/or statutory provisions:

(A) Sections 2, 19, and 20, Article I, Ohio Constitution;

  (B)  Ohio Revised Code Sections 2721.01, *et seq.*;

  (C)  Ohio Revised Code Section 519.02;

  (D)  The Fifth, Ninth, and Fourteenth Amendments to the United States Constitution;

  (E)  28 U.S.C. Sections 2201, *et seq.*; and

  (F)  4 U.S.C. Sections 1983 and 1988.

8. This Court has jurisdiction over this case because all of the real property that is the subject of this case is located in Greene County, Ohio.

9. The jurisdiction of this Court is further authorized by 28 U.S.C. Sections 1331, *et seq.*

10. This action for declaratory judgment, injunction, damages, and attorneys' fees is authorized by 28 U.S.C. Sections 2201, *et seq.*, and 42 U.S.C. Sections 1983 and 1988.

11. Venue is appropriate in this judicial district under 28 U.S.C. Section 1391(b).

## Background Facts Precipitating Lawsuit

### *The Nathaniel's Grove Parcel*

12. Siebenthaler owns four parcels of real property located in Beavercreek Township, Greene County, Ohio, one of which has been assigned Parcel Identification No. B03000200300001300 ("Parcel A"), the second of which has been assigned Parcel Identification No. B03000200300003500 ("Parcel B"), the third of which has been assigned Parcel Identification No. B03000200310000100 ("Parcel C"), and the fourth of which has been assigned Parcel Identification No. B03000200310000200 ("Parcel D").

13. Shawhan is the owner of a parcel of real property located in Beavercreek Township, Greene County, Ohio, which has been assigned Parcel Identification No. B03000200300000400 ("Parcel E").

14. Parcel A, Parcel B, Parcel C, Parcel D, and Parcel E are contiguous to each other.

15. Parcel A, Parcel B, Parcel C, Parcel D, and Parcel E are zoned A-1 Agricultural District under the current Beavercreek Township Zoning Resolution.

16. Oberer has entered into an agreement with Siebenthaler and Shawhan to develop certain portions of Parcel A, Parcel B, Parcel C, Parcel D, and Parcel E as a 291.995 acre multi-product, residential community to be known as "Nathaniel's Grove," (the "Nathaniel's Grove Parcel"), which agreement is contingent upon the rezoning of the Nathaniel's Grove Parcel to R-PUD/Residential Planned Unit Development District ("PUD").

17. Siebenthaler and Shawhan have agreed to the rezoning of the Nathaniel's Grove Parcel as a residential PUD.

18. On February 9, 2005, Oberer submitted an Application for a Proposed Zoning Change for the Nathaniel's Grove Parcel with the Beavercreek Township Zoning Commission, (the "Oberer Application").

19. Pursuant to the Oberer Application, Oberer proposes that the PUD authorize development of a maximum of 520 residential units on the 291.995 acres comprising the Nathaniel's Grove Parcel, for a total density of 1.78 units per acre.

20. The rezoning requested in the Oberer Application is consistent with the Comprehensive Land Use Plan developed by the Greene County Regional Planning Commission and adopted by the Beavercreek Township Trustees (the "Land Use Plan").

21. The Land Use Plan specifically states that a logical plan of land development for the study area within which the Nathaniel's Grove Parcel is located would be for urban residential land uses occurring at a low density of approximately one to three dwelling units per acre. It also provides that development within the Nathaniel's Grove Parcel should occur under the PUD concept.

22. One of the main purposes of the Land Use Plan is to publicly set forth the values and attitudes of the community as to how land should be used in the future.

23. The Land Use Plan is intended to communicate to residents, citizens, property owners, local officials, and developers the types of developments that should be considered when improvement takes place on a certain parcel.

24. The Nathaniel's Grove Parcel is further located in the Greene County "Urban Service District" indicating serviceability for public sewer and water, which is consistent with the anticipated future development of the property for residential use.

25. The Executive Committee of the Greene County Regional Planning Commission unanimously recommended the Oberer Application be approved by Beavercreek Township.

26. Despite the fact that the rezoning of the Nathaniel's Grove Parcel as proposed by the Oberer Application is consistent with the Land Use Plan, has been recommended for approval by the Greene County Regional Planning Commission, and is located in the Urban Service District, however, on August 4, 2005, the Beavercreek Township Zoning Commission ("Zoning Commission") voted unanimously to recommend denial of the requested rezoning.

27. The Zoning Commission is a recommending body to the Beavercreek Township Trustees with regard to rezoning decisions.

28. The main justification for the recommended rejection of the Oberer Application as articulated by Zoning Commission Member Charles A. Brackenhoff ("Brackenhoff") related to density. Specifically, the Zoning Commission cited as its primary objection to the PUD that the proposed 1.78 units per acre density is too high for the Nathaniel's Grove Parcel.

29. The Zoning Commission cited density as its primary objection to the Oberer Application in spite of the fact that the Land Use Plan as adopted and ratified by the Township provides that a density of 1 to 3 units per acre would be appropriate for the Nathaniel's Grove Parcel.

30. At the Zoning Commission hearing wherein the Oberer Application was recommended for rejection, Brackenhoff made a lengthy, obviously preplanned presentation, wherein he vehemently objected to the Oberer Application.

31. Brackenhoff had been appointed to fill a vacant seat on the Zoning Commission after the initial filing of the Oberer Application.

32. Although Brackenhoff never disclosed this fact at the August 4, 2005, Zoning Commission meeting wherein the Commissioners voted to recommend rejection of the Oberer Application, the Plaintiffs have since become aware of certain information that leads them to reasonably believe Brackenhoff had a pre-disposed bias against the Oberer Application and the Nathaniel's Grove development that should have caused him to recuse himself from the proceedings.

33. Specifically, upon information and belief, Brackenhoff had signed a citizen initiated petition against the Oberer Application prior to the time he was appointed to a seat on the Zoning Commission.

34. The fact that Brackenhoff had signed a petition against the Oberer Application in his capacity as a private citizen prior to becoming a member of the Zoning Commission demonstrates that he could not have examined and reviewed the Oberer Application in an unbiased, fair manner.

35. On September 26, 2005, the Oberer Application was submitted to the Township Trustees for their final review and vote.

36. The Township Trustees unanimously voted to reject the Oberer Application without any stated justification for the reasons for their rejection.

### *The NGT Property*

37. NGT currently owns 69.802 acres of real property located in Beavercreek Township, Greene County, Ohio, specifically Parcel No. B03000200300000400, (the "NGT Property").

38. The Property is currently zoned A-1 Agricultural District under the Beavercreek Township Zoning Resolution.

39. On or about August 3, 2005, NGT submitted an Application for a Proposed Zoning Change with the Beavercreek Township Zoning Commission, (the "NGT Application"), which requests the rezoning of the Property from A-1 Agricultural District to PUD.

40. Pursuant to the NGT Application, NGT proposes that the PUD authorize development of a maximum of 154 single family lots on the 69.802 acres of the NGT Property, for a total density applicable to the proposed development of approximately 2.20 dwelling units per acre.

41. The rezoning requested in the NGT Application is consistent with the Land Use Plan.

42. The Land Use Plan specifically states that a logical plan of land development for the study area within which the NGT Property is located would be for urban residential land uses occurring at a low density of approximately one to three dwelling units per acre.  It also provides that development within the NGT Property should occur under the PUD concept.

43. One of the main purposes of the Land Use Plan is to publicly set forth the values and attitudes of the community as to how land should be used in the future.

44. The Land Use Plan is intended to communicate to residents, citizens, property owners, local officials, and developers the types of developments that should be considered when improvement takes place on a certain parcel.

45. The NGT Property is further located in the Greene County "Urban Service District" indicating serviceability for public sewer and water, which is consistent with the anticipated future development of the property for residential use.

46. The Executive Committee of the Greene County Regional Planning Commission unanimously recommended the NGT Application be approved by Beavercreek Township.

47. On or about October 6, 2005, the Beavercreek Township Zoning Commission ("Zoning Commission") also voted to recommend approval of the requested rezoning.

48. The Zoning Commission is a recommending body to the Beavercreek Township Trustees.

49. The NGT Application has been submitted by NGT to the Township Trustees, but it has been tabled by the Township Trustees without a vote.

50. NGT requested tabling of the NGT Application because it has reason to believe that the Township Trustees intend to reject the NGT Application on improper grounds related to density.

51. NGT's reasonable belief about the Township Trustees' rejection of the NGT Application is based upon the fact that the Township Trustees have rejected two similar requests for rezoning without comment within the last month, one of which relates to the Oberer Application addressed herein and another application that is the subject of a separate lawsuit in this court.

52. The Township Trustees intend to reject the NGT Application despite the fact that the requested rezoning of the NGT Property is consistent with the approved Land Use Plan, is located in the Greene County Urban Service District, and was recommended for approval by both the Greene County Regional Planning Commission and the Zoning Commission.

53. The Township Trustees have publicly acknowledged that their recent denials of comparable rezoning requests by similarly situated developers (including but not limited to the

Oberer Application) in areas close in proximity to the Property have been based on density concerns.

54. Because similarly situated other properties have been recently denied PUD rezoning by the Township Trustees due to density concerns, NGT has good reason to believe that such would also be the (albeit unstated) ground for the Township Trustees' reasonably anticipated denial of the NGT Application.

### FIRST CLAIM FOR RELIEF

### BEAVERCREEK TOWNSHIP'S DENIAL OF THE OBERER APPLICATION IS AN *ULTRA VIRES*, ARBITRARY, UNREASONABLE, AND VOID EXERCISE OF THE TOWNSHIP'S ZONING POWERS

55. Plaintiffs restate the foregoing allegations of this Complaint as if rewritten.

56. The Township has no inherent police power.

57. The Township's powers with respect to zoning issues are limited to that which is expressly delegated to it under Ohio Revised Code Section 519.02.

58. The grounds asserted by the Township for denying the Oberer Application exceed its powers under Ohio Revised Code Section 519.02, and are therefore *ultra vires*, unlawful, and void.

59. The Township's denial of the Oberer Application had no rational relationship to the public health and safety of the citizens of the Township.

60. The Township's denial of the Oberer Application is not in accordance with the comprehensive Land Use Plan and fails to advance the articulated and ratified goals of the comprehensive Land Use Plan.

61. The Township's denial of the Oberer Application is arbitrary, capricious, discriminatory, unreasonable, and exceeds the Township's delegated powers under Ohio Revised Code Section 519.02.

62. Unless restrained and enjoined, the Township will deprive the NGT Plaintiffs of the lawful use of the Nathaniel's Grove Parcel, and will impose arbitrary, *ultra vires*, discriminatory, invalid, and capricious restrictions on the NGT Plaintiffs, thereby causing irreparable harm.

## SECOND CLAIM FOR RELIEF

### BEAVERCREEK TOWNSHIP'S DENIAL OF THE NGT APPLICATION WOULD BE AN *ULTRA VIRES*, ARBITRARY, UNREASONABLE, AND VOID EXERCISE OF THE TOWNSHIP'S ZONING POWERS

63. Plaintiffs restate the foregoing allegations of this Complaint as if rewritten.

64. Denial of the NGT Application based upon density concerns under the circumstances presented would exceed the Township's powers under Ohio Revised Code Section 519.02, and would therefore be *ultra vires*, unlawful, and void.

65. The Township's denial of the NGT Application would have no rational relationship to the public health and safety of the citizens of the Township.

66. The Township's denial of the NGT Application would not be in accordance with the Land Use Plan and would not advance the articulated and ratified goals of the Land Use Plan.

67. The Township's denial of the NGT Application would be arbitrary, capricious, discriminatory, unreasonable, and would exceed the Township's delegated powers under Ohio Revised Code Section 519.02.

68. Unless restrained and enjoined, the Township will deprive NGT of the lawful use of the NGT Property, and will impose arbitrary, *ultra vires*, discriminatory, invalid, and capricious restrictions on the NGT, thereby causing irreparable harm.

**THIRD CLAIM FOR RELIEF**

**BEAVERCREEK TOWNSHIP'S DENIAL OF THE OBERER APPLICATION VIOLATES THE NATHANIEL'S GROVE PLAINTIFFS' SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS**

69.     Plaintiffs restate the foregoing allegations of this Complaint as if rewritten.

70.     The Nathaniel's Grove Plaintiffs have due process rights secured by the Fifth and Fourteenth Amendments to the United States Constitution, the Ohio Constitution, and the Civil Rights Act, 42 U.S. C Section 1983, *et seq.*, and have a recognizable property or liberty interest in the Nathaniel's Grove Parcel secured by the preceding constitutions and statutes.

71.     The Township was required to follow appropriate guidelines and criteria in determining whether to grant the Oberer Application for rezoning of the Nathaniel's Grove Parcel to R-PUD/Residential Planned Unit Development District.

72.     The Township failed to follow the appropriate guidelines and criteria exclusively set forth in Ohio Revised Code Section 519.02 in determining whether to grant or deny the Oberer Application for rezoning the Nathaniel's Grove Parcel.

73.     Although the Nathaniel's Grove Plaintiffs established that they could meet or exceed all applicable conditions and requirements for the rezoning of the Nathaniel's Grove Parcel, the Township ignored the applicable conditions and criteria set forth in Ohio Revised Code Section 519.02 and wrongfully denied the Oberer Application without appropriate justification under any objectively ascertainable standard.

74.     The proceedings before the Township involving the Oberer Application were also deficient from a due process standpoint due to the participation of a clearly biased decision maker on the Zoning Commission.

75. Neutrality and impartiality of members of a zoning proceeding are essential to the fair and proper operation of a zoning body.

76. The Nathaniel's Grove Plaintiffs' forced submission to the Township's biased decision making process is in itself a constitutional injury warranting injunctive and other appropriate relief.

77. The Township's conduct is unconstitutional as applied to the Nathaniel's Grove Plaintiffs in that it violates their rights under the United States Constitution and the Ohio Constitution, and further violates 42 U.S.C. Section 1983, *et seq.*

78. Unless restrained and enjoined, the Township will deprive the Nathaniel's Grove Plaintiffs and similarly situated owners and developers of the lawful use of their property, and will impose arbitrary, discriminatory, invalid, capricious, and unreasonable restrictions on the development of the Nathaniel's Grove Parcel thereby causing irreparable harm.

**FOURTH CLAIM FOR RELIEF**

**BEAVERCREEK TOWNSHIP'S DENIAL OF THE NGT APPLICATION
VIOLATES NGT'S SUBSTANTIVE AND PROCEDURAL
DUE PROCESS RIGHTS**

79. Plaintiffs restate the foregoing allegations of this Complaint as if rewritten.

80. NGT has due process rights secured by the Fifth and Fourteenth Amendments to the United States Constitution, the Ohio Constitution, and the Civil Rights Act, 42 U.S.C. Section 1983, *et seq.*, and has a recognizable property or liberty interest in the NGT Property secured by the preceding constitutions and statutes.

81. The Township is required to follow appropriate guidelines and criteria in determining whether to grant the NGT Application for rezoning of the NGT Property to R-PUD/Residential Planned Unit Development District.

82. If the Township denies the NGT Application the Township will fail to follow the appropriate guidelines and criteria exclusively set forth in Ohio Revised Code Section 519.02 in determining whether to grant or deny the NGT Application.

83. Although NGT can establish that it can meet or exceed all applicable conditions and requirements for the rezoning of the NGT Property, the Township intends to ignore the applicable conditions and criteria set forth in Ohio Revised Code Section 519.02 and wrongfully deny the NGT Application without appropriate justification under any objectively ascertainable standard.

84. The Township's conduct would be unconstitutional as applied to NGT in that it would violate NGT's rights under the United States Constitution and the Ohio Constitution, and further would violate 42 U.S.C. Section 1983, *et seq.*

85. Unless restrained and enjoined, the Township will deprive NGT and similarly situated owners and developers of the lawful use of their property, and will impose arbitrary, discriminatory, invalid, capricious, and unreasonable restrictions on the development of the NGT Property thereby causing irreparable harm.

**FIFTH CLAIM FOR RELIEF**

**BEAVERCREEK TOWNSHIP'S DENIAL OF THE OBERER APPLICATION
AND INTENDED DENIAL OF THE NGT APPLICATION
VIOLATES THE PLAINTIFFS' EQUAL PROTECTION RIGHTS**

86. Plaintiffs restate the foregoing allegations of this Complaint as if rewritten.

87. In denying the Oberer Application and intending to deny the NGT Application, the Township has selected a discrete group of individuals and entities, i.e. the owners and developers of the Nathaniel's Grove Parcel and the NGT Property, to be excluded and will deny the Plaintiffs rights and privileges enjoyed by similarly situated property owners and developers in the

13

Township as demonstrated by the high rate of growth and development experienced in the Township over the last decade.

88. The Plaintiffs have equal protection rights secured by the United States Constitution, the Ohio Constitution, and the Civil Rights Act, 42 U.S.C. Sections 1983, *et seq.*, and have a recognizable property or liberty interest in the Nathaniel's Grove Parcel and/or the NGT Property secured by the preceding constitutions and statutes.

89. Excepting the recent applications that are the subject of this and other ongoing federal lawsuits, the Township has granted other applications for rezoning to R-PUD/Residential Planned Unit Development District to applicants who were similarly situated to the Plaintiffs.

90. While the Township has in the past granted rezoning applications to other applicants who were similarly situated, the Township denied the Oberer Application and intends to deny the NGT Application.

91. The Township's actions are not rationally related to a legitimate government purpose.

92. The Township's actions violate the Plaintiffs' Equal Protection rights under the United States Constitution, the Ohio Constitution, and 42 U.S.C. Sections 1983, *et seq*.

93. As a direct and proximate result of the Township's actions, Plaintiffs have suffered an economic injury in an amount to be determined by the Court or a jury. Plaintiffs also seek a declaration that the Township violated the Plaintiffs' rights to equal protection secured by the United States and Ohio Constitutions.

## SIXTH CLAIM FOR RELIEF

**BEAVERCREEK TOWNSHIP'S DENIAL OF THE OBERER APPLICATION AND INTENDED DENIAL OF THE NGT APPLICATION CONSTITUTES AN UNLAWFUL DEPRIVATION OF CONSTITUTIONAL RIGHTS**

94. Plaintiffs restate the foregoing allegations of this Complaint as if rewritten.

95. The Township's denial of the Oberer Application and reasonably anticipated denial of the NGT Application constitute a deprivation of the Plaintiffs' rights under the Fifth and Fourteenth Amendments of the United States Constitution under color of state law in violation of 42 U.S.C. Sections 1983, *et seq*. No adequate remedy is available under Ohio law for such deprivation.

96. The Plaintiffs are entitled to reimbursement of their attorneys' fees from the Township as a consequence of the Township's violation of 42 U.S.C. Sections 1983, *et seq.*, under 42 U.S.C. Section 1988.

## SEVENTH CLAIM FOR RELIEF

### DECLARATORY JUDGMENT

97. Plaintiffs restate the foregoing allegations of this Complaint as if rewritten.

98. Each of the Plaintiffs is defined as a "person" under Ohio Revised Code Section 2721.01.

99. As described in this Complaint, pursuant to Chapter 2721 of the Ohio Revised Code, there exist real, justiciable controversies between and among the parties that this Court can finally adjudicate and resolve.

100. Plaintiffs request a declaration that the Township's actions in denying the Oberer Application and intending to deny the NGT Application are unlawful, unconstitutional, and void.

101. Plaintiffs request a declaration that the Township has violated the Plaintiffs' due process rights under the United States and Ohio Constitutions.

102. Plaintiffs request a declaration that the Township has violated their equal protection rights under the United States and Ohio Constitutions.

103. Plaintiffs request a declaration that the Oberer Application and the NGT Application for rezoning should be granted and that Plaintiffs should be permitted to proceed with their proposed development of their respective properties.

**WHEREFORE**, Plaintiffs jointly and severally request judgment against the Township as follows:

I.  For compensatory damages in an amount no less than $1,000,000.00, the exact amount to be later determined by this Court or by a jury for the Township's violation of the Plaintiffs' rights under the United States Constitution, the Ohio Constitution, and 42 U.S.C. Section 1983, *et seq.*;

II.  For all costs of this action, including reasonable attorneys' fees;

III.  For declaratory judgments as previously outlined in this Complaint;

IV.  For a mandatory injunction ordering the Township to grant the Oberer Application and NGT Application for rezoning; and

V.  For such other relief as this Court or the jury deems appropriate and just.

> Respectfully submitted,
>
> /s/ Cynthia P. McNamee
> Michael P. McNamee (0043861), Trial Counsel
> mmcnamee@mcnameelaw.com
> Cynthia P. McNamee (0056217)
> cmcnamee@mcnameelaw.com
> **McNAMEE & McNAMEE, PLL**
> 2625 Commons Blvd.
> Beavercreek, OH 45431
> Tele: (937) 427-1367/Fax: (937) 427-1369
> Attorneys for Plaintiffs Oberer Land Developers, Ltd., Siebenthaler Company, John E. Shawhan & Thomas J. Shawhan, Trustees, and NGT Developers, Ltd.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 17th day of November, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that I have mailed by United States Postal Service a copy of this document to the following defendants, who are not yet CM/ECF participants due to the relative infancy of the case:

Beavercreek Township, Ohio
Attn: Township Clerk
1981 Dayton Xenia Road
Beavercreek, Ohio 45434

And

Beavercreek Township Trustees
Attn: Township Clerk
1981 Dayton Xenia Road
Beavercreek, Ohio 45434

 

/s/ Cynthia P. McNamee
Cynthia P. McNamee (0056217)